UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES D. GRIEPSMA,

                Plaintiff,

    v.

CHARLIE WEND, et al.,

               Defendants.

CASE NO. C16-1843-JLR-MAT

ORDER TO SHOW CAUSE

       Plaintiff, proceeding *pro se* and *in forma pauperis*, submitted an amended 42 U.S.C. § 1983 civil rights complaint. (Dkt. 4.) On December 6, 2016, the Court docketed the complaint and directed service on twenty named defendants. (Dkts. 4-5.) Counsel for defendants submitted a Notice of Appearance. (Dkt. 6.) In December and early January 2016, nineteen defendants submitted waivers of service of summons reflecting an answer to the amended complaint would be filed within sixty days after December 7, 2016. (Dkts. 7, 9-10.) Defendants have not, however, submitted an answer, or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure, within that timeframe. Accordingly, the Court does hereby ORDER as follows:

ORDER
PAGE - 1

(1) Defendants shall SHOW CAUSE within **twenty-one (21) days** of the date on which this Order is signed why default should not be entered against them in this action for failure to plead or otherwise defend.

(2) The Court also seeks clarification from counsel for defendants. By letter dated December 21, 2016, counsel indicated an ongoing attempt to locate two defendants who no longer work for Skagit County in order to obtain acceptance of service. (Dkt. 7.) While one of the individuals named on the letter subsequently submitted his waiver, the Court has not received any waiver from or further information regarding defendant Brianna Rogers. Counsel for defendants is directed to advise the Court as to the status of any effort to obtain an address for Rogers.[1] Also, the Court presumes a returned waiver signed by Guillermo Fiaria (*see* Dkt. 10 at 3) is submitted in response to the only other named defendant – "Deputy Garcia" – who has not yet submitted a waiver of service of summons. Counsel for defendants must promptly notify the Court if that presumption is inaccurate.

(3) The Clerk is directed to update the docket with the names as indicated on the waivers of service of summons, and to send a copy of this Order to the parties and to the Honorable James L. Robart.

DATED this 28th day of February, 2017.

Mary Alice Theiler
United States Magistrate Judge

---

[1] **Plaintiff is advised that, ultimately, he bears the burden of providing addresses for defendants and that, without that information, service cannot be effectuated**. Pursuant to Federal Rule of Civil Procedure 4(m), there is a 120-day time limit for service and, if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. However, if plaintiff showed good cause for the failure, the court would extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

ORDER
PAGE - 2