UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES D. GRIEPSMA,

      Plaintiff,

  v.

CHARLIE WEND, et al.,

      Defendants.

CASE NO. C16-1843-JLR-MAT

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO AMEND

Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 case and filed an Ex Parte Motion to Amend. (Dkt. 90.) Having considered the motion, defendants' opposition (Dkt. 91), and the remainder of the record, the Court finds and concludes as follows:

(1) Plaintiff seeks to amend his complaint by adding Skagit County Patrol Deputy Sheriff Brad Holmes as a defendant, and claims against Holmes for harassment, malicious prosecution, and violation of plaintiff's right to due process. (Dkt. 90.) For the reasons set forth below, the Court finds plaintiff's motion to amend deficient and no basis for allowing the filing of an amended complaint.

Plaintiff did not submit a proposed amended complaint with his motion. A motion to

ORDER
PAGE - 1

amend not accompanied by a proposed amended complaint is procedurally deficient and will not be considered. *See* LCR 15 (party seeking to amend pleading must attach copy of proposed amended pleading as exhibit to motion or stipulation to amend). Plaintiff also failed to serve his motion on defendants. A motion to amend is not a proper subject for an ex parte motion. (*See, e.g.*, Dkt. 35 at 3 ("All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party[.] . . . Failure to comply with the provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.")

Nor would allowing the proposed amendment be justified. Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's original complaint names numerous employees of Skagit County Jail as defendants and raises allegations regarding incidents at the jail during plaintiff's incarceration. (*See* Dkt. 4.) In proposing an amendment, plaintiff seeks to add as a defendant an individual not employed at the jail and claims relating to incidents occurring outside the jail. Plaintiff also failed to seek the amendment in a timely manner. Defendants filed their first dispositive motion in March 2017, and the Court re-noted all four pending dispositive motions and a motion to find plaintiff's complaint frivolous for consideration on August 18, 2017. (*See* Dkt. 75.) The Court received plaintiff's motion to amend on August 17, 2017. Leave to amend would be inappropriate given the undue delay in seeking the amendment and the undue prejudice to defendants.

(2) The Clerk is directed to send a copy of this Order to the parties and to the Honorable

1  James L. Robart.

2  DATED this 13th day of September, 2017.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 3