UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES D. GRIEPSMA,<br><br>                Plaintiff,<br>   v.<br><br>CHARLES M. WEND, et al.,<br><br>                Defendants. | CASE NO. C16-1843JLR<br><br>ORDER |

## I.    INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 95)) and Plaintiff James D. Griepsma's objections thereto (Obj. (Dkt. # 97)). Also before the court are Mr. Griepsma's motions filed after his objections: a motion for reconsideration of the court's previous order (Mot. for Recons. (Dkt. # 98)), a motion for Supreme Court discretionary review of his case (Mot. for S. Ct. Rev. (Dkt. # 99)), and a motion to compel (MTC (Dkt. # 106)).

ORDER - 1

The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court ADOPTS the R&R, DISMISSES Mr. Griepsma's complaint with prejudice, and DENIES Mr. Griepsma's remaining motions.

## II. BACKGROUND

Mr. Griepsma is proceeding *in forma pauperis* in this action, in which he alleges civil rights violations under 42 U.S.C. § 1983. (*See generally* Compl. (Dkt. # 4).) He asserts a variety of claims relating to his confinement in 2016 as a pre-trial detainee at the Skagit County jail. (*See generally id.*) Specifically, Mr. Griepsma brings suit against a number of current and former Skagit County employees[2] and alleges the following constitutional violations: (1) failure to protect him from assault; (2) deliberate indifference to his serious medical needs; (3) use of excessive force; (4) interference with his right of access to court; (5) interference with his right to send and receive mail; (6) harassment and death threats; (7) denial of his due process rights; and (8) unconstitutional punishment through his confinement conditions.[3] (*See id.* at 3-7.)

---

[1] No party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of the R&R and Mr. Griepsma's motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The Defendants include Chief Corrections Deputy Charles Wend; Sergeants Juanita O'Neill, Brian Schrader, Paulette Storie, and Aaron McIntosh; Correctional Officers Von LaQuet, Elias Salinas, David Anderson, Guillermo Garcia, Richard Eichman, Julie Zorn, Richard Scott, Lecia Kelley, Brianna Rogers, Michael Warner, Nicholas Johnson, and Randolph Parker; Advanced Registered Nurse Practitioner Sue Baerg; Licensed Practical Nurse Billie Goldsmith; and Registered Nurse Dawn Annema (collectively, "Defendants"). (*See generally* Compl.)

[3] Mr. Griepsma alleges other incidents, such as the correctional officers' refusal to take pictures of him after an altercation, that do not clearly fall into these categories of claims. (*See*

In response, Defendants filed four dispositive motions seeking dismissal of Mr. Griepsma's claims (MTD Eleven Defendants (Dkt. # 15); MTD Three Defendants (Dkt. # 38); MTD Five Defendants (Dkt. # 50); MTD Sue Baerg (Dkt. # 67)), as well as a motion to find Mr. Griepsma's complaint frivolous (Mot. to Find Compl. Frivolous (Dkt. # 70)). Mr. Griepsma opposed all of these motions. (1st Resp. (Dkt. # 77); 2nd Resp. (Dkt. # 79); 3rd Resp. (Dkt. # 80); 4th Resp. (Dkt. # 81); 5th Resp. (Dkt. # 82).)

On September 14, 2017, Magistrate Judge Theiler issued an R&R granting Defendants summary judgment on all of Mr. Griepsma's claims, denying Defendants' motion to find Mr. Griepsma's complaint frivolous, and dismissing the action with prejudice. (*See* R&R at 6, 35.) In the R&R, Magistrate Judge Theiler thoroughly recounts background facts for each of Mr. Griepsma's claims, and the court does not repeat those facts here. (*See id.* at 2-5.) However, because the court focuses on the medical and excessive force claims below, the court briefly summarizes Magistrate Judge Theiler's reasoning for dismissing those two claims.

First, Mr. Griepsma alleges a series of constitutional violations regarding the medical care he received, including deliberate indifference by Ms. Baerg for denying him access to his x-rays, denying him over-the-counter ("OTC") medications and icepacks, providing him OTC medications in crushed form, ignoring his complaints about chest

---

R&R at 32-34.) Magistrate Judge Theiler concluded that these incidents do not rise to the level of constitutional violations. (*See id.*) Mr. Griepsma's objections to these conclusions do not state any novel issues not addressed by the R&R. (*See* Obj. at 13-14.) Based on a review of the record, the court finds Magistrate Judge Theiler's reasoning persuasive and agrees that these incidents do not rise to the level of constitutional violations.

pain, and failing to provide him medical approval to see a hand specialist. (*See id.* at 13-16 (citing Compl. at 3-4, 6-7).) Magistrate Judge Theiler found that the evidence does not support that Ms. Baerg "acted in conscious disregard of an excessive risk to [Mr. Griepsma's] health[,]" as set forth in *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). (*See* R&R at 12, 17.)

Second, Mr. Griepsma alleges the use of excessive force against him on May 19, 2016, when he asserts that four or five deputies held him down while Deputy Eichman punched him in the ribs and Sergeant McIntosh grabbed his hand, thereby hyperextending and breaking his immobile fingers. (*Id.* at 3, 19 (citing Compl. at 4).) Magistrate Judge Theiler found that "the medical evidence refutes [Mr. Griepsma's] contention of one or more broken fingers or more than *de minimis* injury to his hands or ribs." (*Id.* at 21 (citing Baerg Decl. (Dkt. # 26) at 21-24, 56-59; Randall-Secrest Decl. (Dkt. # 27) at 10).) Before the altercation, several defendants and witnesses observed Mr. Griepsma touch Sergeants McIntosh and Storie while they were transporting him and then "advance on, kick at, and back [Sergeant] McIntosh towards a set of stairs, pulling [Sergeant] Storie . . . along with him." (*Id.* at 20.) They state that "[Deputy Eichman], who had been watching from the lower floor . . . radioed for assistance, ran up the stairs, and used his weight to take [Mr. Griepsma] to the floor, but landed on his back with [Mr. Griepsma] on top of him, punching, spitting, and yelling." (*Id.*) Further, "[Sergeant] McIntosh tried to control [Mr. Griepsma's] arms, while [Sergeant] Storie attempted control of his waist chains with one hand and grabbed his hair with the other." (*Id.*)

//

Magistrate Judge Theiler dismissed Mr. Griepsma's excessive force claim against Sergeant Storie, Sergeant McIntosh, Deputy Eichman, and Chief Deputy Wend due to "an absence of significant and probative evidence supporting [Mr. Griepsma's] version of events." (*Id.* at 22.) Despite Mr. Griepsma's claim that he never touched Deputy Eichman or Sergeant McIntosh, Magistrate Judge Theiler found that "[t]he evidence demonstrates the objective reasonableness of the force employed"—the standard provided by *Kingsley v. Hendrickson*, --- U.S. ---, 135 S. Ct. 2466, 2473 (2015). (R&R at 18, 20, 22.) Specifically, Magistrate Judge Theiler found that "[Mr. Griepsma] engaged in a physical altercation with multiple correctional officers[,]" and "[t]he severity of the security problem and threat was clear . . . ." (*Id.* at 20, 22 (citing 3rd Resp. at 7).) Magistrate Judge Theiler additionally noted that "[t]he evidence . . . supports the conclusion [Mr. Griepsma] actively resisted the efforts of a large number of officers to end the altercation[,]" and "[t]hese circumstances do not support [Mr. Griepsma's] allegation of excessive force." (*Id.* at 22.)

On October 2, 2017, Mr. Griepsma timely filed objections to the R&R and attached a new medical record that offers a summary of a medical appointment he had on September 28, 2017. (*See generally* Obj.) Later that same day, Mr. Griepsma filed two additional motions and a declaration: (1) a motion for reconsideration of the court's order denying his August 17, 2017, motion to amend his complaint (*see* Mot. for Recons.), (2) a motion requesting that the Supreme Court review his case (*see* Mot. for S. Ct. Rev.), and (3) a declaration from Terrance Jon Irby, a fellow inmate at the time of the alleged excessive force incident. (*See* Irby Decl. (Dkt. # 100).) In the declaration, Mr.

Irby states that he "agree[s] to those facts present in the attached motion"[4] and offers his account of the altercation between Mr. Griepsma and the Defendants on May 19, 2016. (*See id.* at 1-2.) Finally, on November 22, 2017, Mr. Griepsma filed a motion to compel the time clock records of specific defendants. (*See* MTC.)

The court now evaluates Mr. Griepsma's objections and motions. First, the court addresses Mr. Griepsma's objections in light of the new evidence he submitted. Next, the court turns to his motion for reconsideration, motion for Supreme Court discretionary review, and motion to compel.

### III.   ANALYSIS

**A. Objections to R&R**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b)(3). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In addition, because Mr. Griepsma is proceeding *pro se*, this court must interpret his complaint and objections liberally. *See Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).

//

---

[4] Because Mr. Griepsma refers to his objections to Magistrate Judge Theiler's R&R as a "Motion[,]" the court construes the "motion" in Mr. Irby's declaration to be Mr. Griepsma's objections. (*See* Obj. at 1.) The other two motions Mr. Griepsma filed that day do not mention his excessive force claim. (*See generally* Mot. for Recons.; Mot. for S. Ct. Rev.)

The court first addresses Mr. Griepsma's objections to the dismissal of his claims not impacted by the new evidence. The court then turns to Mr. Griepsma's objections to the dismissal of his remaining claims—the excessive force and medical claims—and what, if any, impact Mr. Irby's declaration and the new medical record had.

1. Claims with No New Evidence

Mr. Griepsma details a litany of objections to the dismissal of his claims not relating to the new evidence,[5] including the following: objections to Magistrate Judge Theiler's legal conclusions; objections to statements of the law; objections to statements citing Defendants' declarations and other evidence; and objections to statements citing his own complaint. (*See generally* Obj.) Defendants contend that "[Mr.] Griepsma's objections are not supported by citation to the record or any admissible evidence" and "often allude[] to immaterial matters that are not in the record." (Resp. to Obj. (Dkt. # 101) at 2.) The court agrees with Defendants.

Mr. Griepsma's objections restate arguments he made in his complaint and responses, thereby failing to raise any novel issues not addressed by the R&R. (*See generally* R&R; Obj.) Moreover, none of Mr. Griepsma's objections specifically address Magistrate Judge Theiler's analysis or reasoning. (*See generally* Obj.) Based on an independent examination of the record, the court concurs with Magistrate Judge Theiler's

//

---

[5] The following claims are not affected by the new evidence: (1) failure to protect; (2) interference with his right of access to court; (3) interference with his right to send and receive mail; (4) harassment and death threats; (5) denial of due process; and (6) unconstitutional punishment through his confinement conditions. (*See* Compl. at 3-7; Obj. at 17-18; Irby Decl.)

recommendation of dismissal.

### 2. Claims with New Evidence

Similar to his other objections, Mr. Griepsma's objections to the dismissal of his excessive force and medical claims restate arguments he previously made and thus fail to raise any novel issues not addressed by Magistrate Judge Theiler's R&R. (*See* R&R at 12-22; *see generally* Obj.) Because Mr. Griepsma submitted new evidence relating to both claims, however, the court evaluates whether it should consider the new evidence and the impact this new evidence has on Magistrate Judge Theiler's analysis.

#### a. Whether to Consider New Evidence

A district court "has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). In deciding whether to consider newly offered evidence, "the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* at 622; *see also Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002). "[U]nder 'certain circumstances a district court abuses its discretion when it fails to consider new arguments or evidence offered by a *pro se* [litigant] . . . in objecting to a magistrate judge's' findings and recommendations." *Usrey v. Deyott*, No. CV 12-92-H-DLC-RKS, 2014 WL 824866, at *2 (D. Mon. Mar. 3, 2014) (emphasis added) (quoting *Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013)). Specifically, where "a *pro se* plaintiff, ignorant of the law, offer[s] crucial facts as soon as he underst[ands] what [is] necessary to prevent summary judgment against him . . . it [is] an abuse of discretion for the district court not to consider the evidence." *Jones v.*

*Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (emphasis added). The court concludes that it will consider both pieces of new evidence submitted by Mr. Griepsma.

The court will consider Mr. Irby's declaration in evaluating Mr. Griepsma's excessive force claim. Although Mr. Griepsma does not refer to Mr. Irby's declaration in his objections (*see generally* Obj.), the declaration clearly provides facts relating to the excessive force claim (*see generally* Irby Decl.). Mr. Griepsma submitted the declaration after Magistrate Judge Theiler found "an absence of significant and probative evidence supporting [Mr. Griepsma's] alternative version of events." (R&R at 22.) Thus, Mr. Griepsma likely secured Mr. Irby's declaration upon learning that he did not offer enough evidence to prevent summary judgment against him. *See Jones*, 393 F.3d at 935; (*see generally* Irby Decl.). In light of Mr. Griepsma's *pro se* status and the timing of when he offered the declaration, the court considers the declaration on review. *See Jones*, 393 F.3d at 935.

The same goes for the new medical record. As a threshold matter, the court construes this medical record as relating to Mr. Griepsma's claim that Ms. Baerg was deliberately indifferent to his serious medical needs. The record offers a summary of a September 28, 2017, medical appointment he had. (*See* Obj. at 17-18.) It states that Mr. Griepsma was at the appointment due to a "lack of mobility[,]" and it lists "Subclinical hyperthyroidism" and "Acquired deformity of chest wall" as two problems addressed. (*Id.* at 17.) The record also provides a list of Mr. Griepsma's medications. (*Id.* at 17-18.) Because Mr. Griepsma alleges that Ms. Baerg denied him chest treatment (Compl. at 3), the court construes the medical record as pertaining to this claim.

1 | Magistrate Judge Theiler concluded that "[t]he evidence does not support a
2 | conclusion [Ms.] Baerg acted in conscious disregard of an excessive risk to [Mr.
3 | Griepsma's] health on this or any other occasion." (R&R at 17.) Thus, as with Mr.
4 | Irby's declaration, Mr. Griepsma may have secured the record—which is relevant to his
5 | allegations about chest pain—upon learning that he did not offer enough evidence. *See*
6 | *Jones*, 393 F.3d at 935. Accordingly, the court considers the evidence on review.

### b. Claims Considered in Light of New Evidence

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine dispute of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. A material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present significant and probative evidence to support his or her claim or defense. *See Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

### i. Excessive Force Claim Reviewed with New Evidence

To prevail on an excessive force claim under the Fourteenth Amendment's Due Process Clause, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Instead of applying this standard mechanically, "[a] court must make this determination from the perspective of a reasonable officer on the scene." *Id.* "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).

The following non-exclusive list of factors may inform the reasonableness or unreasonableness of the force used:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (citing *Graham*, 490 U.S. at 396).

Magistrate Judge Theiler concluded that certain *Kingsley* factors favor granting Defendants summary judgment because "the severity of the security problem and threat was clear given the events leading up to [Mr. Griepsma's physical altercation with multiple correctional officers], the altercation itself, and in light of the proximity to stairs

and [Mr. Griepsma's] position on top of [Deputy Eichman]." (R&R at 22.) Further, Magistrate Judge Theiler found that "[t]he evidence supports the conclusion [Mr. Griepsma] actively resisted the efforts of a large number of officers to end the altercation[,]" and "[t]hese circumstances do not support [Mr. Griepsma's] allegation of excessive force." (*Id.*)

Mr. Irby's declaration speaks to the amount of force Deputy Eichman used (*see* Irby Decl. at 1 ("The deputy used all of his body weight, right fist, and punched Mr. Griepsma in the stomach area.")), Sergeant Storie's failure to prevent Deputy Eichman from using force (*see id.* at 2),[6] the type of force Sergeant McIntosh used (*see id.* ("I seen [sic] [Sergeant] McIntosh applying twisting, wrenching pressure to force open Mr. Griepsma [sic] fingers, which I know causes Mr. Griepsma grate [sic] pain to his injured hand.")), and Mr. Griepsma's statements that his hand was in pain and that he was not resisting (*see id.* ("Mr. Griepsma was yelling out in pain to stop hurting my hand I'm not even resisting, at least four times.")). In addition, Mr. Irby concludes that Deputy Eichman "use[d] excessive force on [Mr. Griepsma]"[7] and that Deputy Eichman "knew

---

[6] Mr. Irby's testimony regarding Sergeant Storie appears to relate to a failure to protect claim rather than an excessive force claim. He testifies that "[Sergeant] Storie could have prevent [sic] the first assault. She seen [sic] [Deputy] Eichman getting ready to drop." (*Id.* at 2.) Magistrate Judge Theiler similarly noted that Mr. Griepsma's allegation against Sergeant Storie "amount[ed] to a failure to protect, rather than a claim of excessive force." (R&R at 22 (citing 3rd Resp. at 2).) Because Mr. Irby's testimony does not relate any force Sergeant Storie may have used, the testimony would not change Magistrate Judge Theiler's analysis of Mr. Griepsma's excessive force claim against Sergeant Storie.

[7] Because this statement is conclusory and not supported by factual data, it is insufficient to create an issue of material fact that would preclude summary judgment. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

ORDER - 12

what he was doing was unlawful" and "had time to deliberate." (*Id.* at 1-2.) However, Mr. Irby does not address the events leading up to the use of force on Mr. Griepsma, and he does not personally witness whether Mr. Griepsma resisted the officers' efforts.[8] (*See generally id.*) Thus, Mr. Irby's testimony does not change Magistrate Judge Theiler's analysis of Deputy Eichman or Sergeant McIntosh's use of force because it does not place any material facts in dispute. *See Anderson*, 477 U.S. at 248; *Galen*, 477 F.3d at 658.

Although Mr. Irby's testimony creates a dispute of fact as to whether Deputy Eichman punched Mr. Griepsma while taking him to the ground (*compare* Eichman Decl. (Dkt. # 40) at 3 ("I did not punch [Mr.] Griepsma in my attempt to get him under control."), *with* Irby Decl. ("Deputy [Eichman] . . . punched Mr. Griepsma in the stomach.")), that fact is not material because it would not change the outcome of Mr. Griepsma's claim, *see Anderson*, 477 U.S. at 248. Even if Deputy Eichman punched Mr. Griepsma in the stomach while taking him to the ground, that alone does not render the use of force objectively unreasonable in light of the circumstances. As Magistrate Judge

---

[8] Mr. Irby's testimony that "Mr. Griepsma was yelling out . . . I'm not even resisting" (Irby Decl. at 2) does not place Mr. Griepsma's resistance in dispute. Mr. Irby does not speak to any personal observations regarding Mr. Griepsma's actions. (*See generally id.*) Rather, he asserts Mr. Griepsma was yelling that he was not resisting (*see id.* at 2)—something Mr. Griepsma could have done whether or not he was actually resisting the officers' efforts. Even if the court were to construe Mr. Irby's declaration as stating that Mr. Griepsma was not resisting at that moment while on the ground, the totality of the *Kingsley* factors—including the *de minimis* injury, the severity of the security problem, and the threat Mr. Griepsma presented through his actions leading up to this moment—remains in favor of the officers and suggests the force utilized was objectively reasonable. *See* 135 S. Ct. at 2473.

Theiler concludes, the evidence shows that Mr. Griepsma did not suffer more than *de minimis* injury, he engaged in an altercation with multiple correctional officers, and he actively resisted the officers' efforts. (R&R at 21 (citing Baerg Decl. at 21-24, 56-59), 22.) None of these conclusions are affected by Mr. Irby's testimony. (*See* Irby Decl.) Thus, several *Kingsley* factors remain in favor of Deputy Eichman: Mr. Griepsma suffered *de minimis* injury, the severity of the security problem he presented was clear, and he was actively resisting. *See* 135 S. Ct. at 2473; (R&R at 21-22). In this context, whether Deputy Eichman punched Mr. Griepsma is not the type of factual dispute that would preclude summary judgment. *See Anderson*, 477 U.S. at 248.

Similarly, as to Sergeant McIntosh, Mr. Irby's declaration does not create a genuine dispute of material fact. Mr. Irby's declaration creates a factual dispute as to whether Sergeant McIntosh used force on Mr. Griepsma's arm or hand. (*Compare* McIntosh Decl. (Dkt. # 41) at 4 ("I held [Mr.] Griepsma's arms, not his hands."), *with* Irby Decl. at 2 ("I seen [sic] [Sergeant] McIntosh applying twisting, wrenching pressure to force open Mr. Griepsma['s] fingers.").) As with the evidence against Deputy Eichman, even if Sergeant McIntosh applied pressure to Mr. Griepsma's hand, that fact alone does not alter the *Kingsley* factors such that the use of force was objectively unreasonable. Thus, the factual dispute is not a sufficient disagreement to require submission to a jury. *See Anderson*, 477 U.S. at 248.

Accordingly, the court finds Magistrate Judge Theiler's reasoning persuasive even in light of Mr. Irby's declaration and concludes that summary judgment on Mr. Griepsma's excessive force claim is appropriate.

ii. Medical Claim Reviewed with New Evidence

Prison officials are deliberately indifferent to serious medical needs "when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). The new medical record submitted by Mr. Griepsma states that "Acquired deformity of chest wall" was a problem addressed, but it does not comment on Ms. Baerg's treatment of Mr. Griepsma. (*See* Obj. at 17-18.) Because the record makes no mention of Ms. Baerg or her interactions with Mr. Griepsma, it does not change Magistrate Judge Theiler's analysis of Mr. Griepsma's deliberate indifference claim. Accordingly, the court finds that the new evidence does not alter Magistrate Judge Theiler's reasoning and concludes that summary judgment on Mr. Griepsma's deliberate indifference claim is appropriate.

In sum, the court has thoroughly examined the record before it and finds Magistrate Judge Theiler's reasoning persuasive. Mr. Griepsma essentially restates the arguments he made to Magistrate Judge Theiler, and the court independently rejects Mr. Griepsma's arguments for the same reasons that Magistrate Judge Theiler did. In addition, the new evidence Mr. Griepsma submitted with his objections does not place any material fact in dispute. Accordingly, the court adopts the R&R in its entirety.

**B. Motion for Reconsideration of Motion to Amend**

Mr. Griepsma moves for reconsideration of the court's order denying his motion to amend his complaint. (*See* Mot. for Recons.) Defendants oppose Mr. Griepsma's motion and argue that the court should not consider it because "(1) it was filed ex parte

//

and (2) it does not provide any reasoned analysis or other basis for his proposed amendment." (Resp. to Obj. at 2.)

Motions for reconsideration are disfavored, and the court ordinarily will deny such motions unless the moving party shows (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier with reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1). In addition, a motion for reconsideration must be filed "within fourteen days after the order to which it relates is filed." *Id.* LCR 7(h)(2).

Mr. Griepsma's motion for reconsideration is untimely. The court's order denying Mr. Griepsma's motion to amend was filed on September 13, 2017. (*See* 9/13/17 Order (Dkt. # 94).) Mr. Griepsma filed the instant motion on October 2, 2017—more than 14 days later. (*See* Mot. for Recons.) Moreover, even if the motion were timely, Mr. Griepsma does not show manifest error or bring forth new facts or legal authority. *See* Local Rules W.D. Wash. LCR 7(h)(1); (*see generally* Mot. for Recons.). Accordingly, the court denies the motion.

**C. Motion for Supreme Court Discretionary Review**

The court construes Mr. Griepsma's "Motion for Order for a Supreme Court Discretionary Review" as a request that the Supreme Court review Magistrate Judge Theiler's R&R dismissing his complaint. (*See* Mot. for Sup. Ct. Rev.) In the motion, Mr. Griepsma expresses his disagreement with the R&R. (*See generally id.*) He also includes citations to case law that relate to his claims. (*See id.* at 3.) Defendants do not address the motion in their response. (*See generally* Resp. to Obj.)

1 | The court denies Mr. Griepsma's motion because it cannot compel the U.S.
2 | Supreme Court to take any action regarding his case. "A district court lacks authority to
3 | compel judges and other court officials to take any action." *Evans v. Suter*, No.
4 | H-07-1557, 2007 WL 1888308, at *3 (S.D. Tex. June 29, 2007); *see also Panko v.
5 | Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court
6 | may not order the judges or officers of a higher court to take an action."). As a result,
7 | this court cannot order the Supreme Court to review Magistrate Judge Theiler's dismissal
8 | of Mr. Griepsma's complaint. Accordingly, the court denies the motion.

**D. Motion to Compel Time Clock Records**

Mr. Griepsma moves to compel time clock records of Deputy LaQuet, Deputy Garcia, Sergeant Schrader, and Deputy Salinas. (*See* MTC at 1.) Defendants oppose the motion for three reasons. (*See* Resp. to MTC (Dkt. # 107).) First, they argue that the motion bypasses the discovery rules because Mr. Griepsma never requested discovery from Defendants. (*Id.* at 1.) Second, they argue that an order to compel time clock records would be unavailing because deputies do not use a time clock to record their hours. (*Id.*) Third, they argue that the motion is untimely. (*Id.*)

There is no basis for Mr. Griepsma's motion to compel because he never served discovery requests on Defendants. (*See generally* Dkt.) Mr. Griepsma does not present evidence that he ever served such requests. (*See generally* MTC.) If Mr. Griepsma did not serve discovery requests on Defendants, there is no basis for his motion. *See* Fed. R. Civ. P. 37; *Palmer v. Crotty*, No. 1:07-CV-00148-LJO-DLB PC, 2010 WL 4279423, at

//

*1 (E.D. Cal. Oct. 22, 2010). Further, even if Mr. Griepsma had served discovery requests on Defendants, his motion is untimely because the deadline for discovery motions passed on June 6, 2017. (*See* Sched. Order (Dkt. # 35) at 1.) Accordingly, the court denies the motion.

## IV. CONCLUSION

For the foregoing reasons, the court ADOPTS the Report and Recommendation (Dkt. # 95) in its entirety. The court hereby ORDERS as follows:

(1) The court GRANTS Defendants' dispositive motions (Dkt. ## 15, 38, 50, 67);

(2) The court DENIES Defendants' motion to find Mr. Griepsma's complaint frivolous (Dkt. # 70);

(3) The court DISMISSES Mr. Griepsma's complaint (Dkt. # 4) with prejudice;

(4) The court DENIES Mr. Griepsma's motion for reconsideration (Dkt. # 98);

(5) The court DENIES Mr. Griepsma's motion for Supreme Court discretionary review (Dkt. # 99);

(6) The court DENIES Mr. Griepsma's motion to compel (Dkt. # 106); and

(7) The court DIRECTS the Clerk to send copies of this Order to Mr. Griepsma, counsel for Defendants, and Magistrate Judge Theiler.

Dated this 11th day of December, 2017.

JAMES L. ROBART
United States District Judge